# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELINE BARNETT, | : | Civil No. 1:20-CV-02176 |
| Plaintiff, | : | |
| v. | : | |
| JEWISH FAMILY SERVICES OF GREATER HARRISBURG, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is an action brought under the Americans with Disabilities Act ("ADA") and Pennsylvania law. Plaintiff, Jacqueline Barnett ("Barnett"), alleges that her rights pursuant to the ADA and Pennsylvania public policy have been violated for disability discrimination, failure to accommodate, and wrongful discharge. This case is presently before the court on a motion to dismiss the amended complaint for failure to state a claim upon which relief may be granted filed by Defendant Jewish Family Services of Greater Harrisburg ("JFSGH"). For the reasons that follow, the motion is granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Barnett initiated this case through the filing of a complaint against JFSGH on November 11, 2020 in this court. (Doc. 1.) JFSGH filed a motion to dismiss Barnett's complaint for failure to state a claim under Federal Rule of Civil

1

Procedure 12(b)(6) on January 22, 2021.  And then, on February 5, 2021, Barnett filed a first amended complaint.  (Docs. 8, 13.)

According to the allegations in the first amended complaint, Barnett began working as a family therapist at JFSGH on August 26, 2019.  (*Id.* ¶ 12.)  On Thursday, October 31, 2019, Barnett was involved in a motor vehicle accident on her way to attend a mandatory work training event, and Barnett reported this accident to JFSGH.  (*Id.* ¶¶ 13–14.)  JFSGH granted Barnett's requests for leave on November 4 and 5, 2019, and then Barnett returned to work on November 6, 2019 without restrictions.  (*Id.* ¶¶ 16–19.)  Barnett alleges that as a result of the accident, she sought medical care for head and neck injuries.  She claims that after she returned to work, JFSGH was aware of Barnett's request for medical care and suggested she file a workers' compensation report.  (*Id.* ¶¶ 19–20.)  Barnett also alleges that JFSGH asked Barnett to come into the office so the Human Resources Manager could assist her in filing a workers' compensation report.  (*Id.* ¶ 21.)

On November 12, 2019, JFSGH issued a written warning to Barnett concerning her failure to submit written billing documentation from October 7, 2019, through October 30, 2019.  The warning indicated that the documentation had to be submitted no later than 4:00 p.m. on November 15, 2019, or Barnett's employment would be terminated.  (*Id.* ¶¶ 22–23.)  Barnett filed a workers' compensation report with the Human Resources Manager on November 14, 2019,

noting that Barnett lost two days of work and was treated by a physician at Wellspan Internal Medicine for her injuries and was subsequently referred to York Hospital for testing. (*Id.* ¶¶ 24–25.) The next day, on November 15, 2019, JFSGH terminated Barnett's employment. Barnett was subsequently approved for workers' compensation benefits. (*Id.* ¶¶ 26–27.) Barnett alleges that JFSGH failed to engage in the interactive process or attempt to accommodate Barnett despite having notice that Barnett was suffering a disability due to the accident. (*Id.* ¶ 28.)

Barnett's amended complaint raises three claims. In Count I, Barnett alleges that JFSGH violated her rights under the ADA due to discrimination on the basis of disability. (*Id.* ¶¶ 29–37.) In Count II, Barnett alleges that JFSGH failed to accommodate her disability in violation of the ADA. (*Id.* ¶¶ 38–47.) In Count III, Barnett alleges wrongful termination in violation of the public policy of Pennsylvania. (*Id.* ¶¶ 48–53.)

JFSGH moved to dismiss Barnett's first amended complaint for failure to state a claim upon which relief may be granted on February 19, 2021. (Doc. 5.) Briefing on the motion to dismiss is complete, and the motion is ripe for the court's disposition. (Docs. 17, 22.)

### JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the

Constitution, laws, or treaties of the United States. This court also has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

**STANDARD OF REVIEW**

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

**A. Barnett's ADA Claims Are Dismissed**

The court will first address JFSGH's argument that Barnett's ADA claims for discrimination on the basis of disability and failure to accommodate should be dismissed. To state a claim of disability employment discrimination, a plaintiff must establish: "(1) he is a disabled person within the meaning of the ADA, (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (citing *Gaul v. Lucent Technologies*, 134 F.3d 576, 580 (3d Cir. 1998)). Under the ADA, "disability" is defined as "(a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual but that she can still perform the essential functions of her job; (b) a record of such an impairment; or (c) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Barnett contends that she states a plausible claim for discrimination under the ADA in her amended complaint. (Doc. 22-1, p. 6.) Barnett argues that the allegations are sufficient to support a plausible inference that JFSGH knew of Barnett's specific impairments and limitations of those impairments. (*Id.* at 7.) Barnett argues that because JFSGH assisted Barnett in filing for workers'

compensation benefits, JFSGH had access to the police report filed in response to Barnett's motor vehicle accident along with Barnett's medical records. (*Id.* at 7.) JFSGH disagrees and contends that Barnett's amended complaint fails to state a plausible claim for discrimination under the ADA. JFSGH argues that Barnett fails to plead sufficient facts to support the allegation that she had a "qualified disability," and Barnett has not identified any major life activity affected by the alleged impairment. (Doc. 17, p. 7.)

After reviewing the parties' arguments, the court agrees with JFSGH that Barnett's amended complaint fails to state a plausible claim for discrimination under the ADA because she does not allege that she has a disability. In order to allege a disability under the ADA, "a plaintiff must not merely state that she has a diagnosed impairment, she must also state that her impairment 'substantially limits one or more major life activities.'" *Bialko v. Quaker Oats Co.*, 434 F. App'x 139, 142 (3d Cir. 2011). While Barnett alleges that she has a "qualified disability," and the amended complaint contains facts that could support a plausible inference that JFSGH knew of her impairment, Barnett fails to allege any facts regarding how her disability substantially affected any major life activity. *See Hector v. Blue Cross of Ne. Pennsylvania*, No. CV 3:16-0293, 2016 WL 4990397, at *3–4 (M.D. Pa. Sept. 19, 2016) (explaining that plaintiff failed to allege facts that would plausibly suggest a substantial limitation in a major life activity). There are also no

allegations in the amended complaint from which it could be inferred that Barnett had a record of a qualifying disability or that she was regarded as having a disability. *See* 42 U.S.C. § 12102(2).

Furthermore, because Barnett fails to allege that she has a disability under the ADA, her claim for failure to accommodate also fails. An employer breaches his duty for failing to make reasonable accommodations when: "1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith." *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 504 (3d Cir. 2010). Because Barnett fails to allege that she has a disability under the ADA, JFSGH did not have knowledge of Barnett's disability. Therefore, Barnett fails to allege the first element of a failure to accommodate claim. *See, e.g.*, *Sally-Harriet v. N. Children Servs.*, No. CV 17-4965, 2019 WL 1384275, at *6 (E.D. Pa. Mar. 26, 2019) ("Plaintiff has failed to allege that she suffers from a disability under the ADA. Therefore, her claim for failure to accommodate also fails."). Accordingly, because Barnett fails to allege a disability under the ADA, Plaintiff's ADA claims are dismissed without prejudice.

## B. Barnett's Wrongful Discharge Claim Is Dismissed

The court will next address JFSGH's argument that Barnett's claim for wrongful discharge should be dismissed. Under Pennsylvania law, an employee may have a common law cause of action against an employer for wrongful discharge of an employee who files for workers' compensation benefits. *Shick v. Shirey*, 716 A.2d 1231, 1238 (1998). While the Pennsylvania Supreme Court has not established the elements for this cause of action, the Third Circuit and Pennsylvania district courts have predicted that Pennsylvania will apply Title VII's framework for wrongful discharge claims. *See, e.g.*, *Deily v. Waste Mgmt, of Allentown*, 55 F. App'x 605, 608 (3d Cir. 2003); *Runion v. Equip. Transport LLC*, No. 1:15-CV-2159, 2017 WL 3839917, at *3 (M.D. Pa. Sept. 1, 2017) (explaining that district courts in the Third Circuit have applied the Title VII framework to state law retaliation claims). This framework provides that in order to establish a *prima facie* case of retaliation, a plaintiff must prove that: (1) he engaged in a protected activity; (2) his employer took an adverse employment action against him; and (3) a causal nexus exists between his protected activity and the adverse employment action. *Deily*, 55 F. App'x at 608.

Barnett contends that she states a wrongful discharge claim under this framework. (Doc. 22-1, p. 11.) Barnett argues that she engaged in a protected activity because she reported the accident to JFSGH and expressed an intent to file

8

a workers' compensation claim, and JFSGH assisted her in completing the workers' compensation report. (*Id.* at 11–12.) Barnett also argues that she pleaded a causal link because of the significantly short time span between JFSGH assisting Barnett with completing the workers' compensation report and terminating her employment. (*Id.* at 12–13.)

Contrary to Barnett's contentions, JFSGH contends that Barnett did not plausibly allege that she engaged in a protected activity because although she alleges that she reported the accident to JFSGH, Barnett does not allege that she expressed an intent to file a workers' compensation claim to anyone at JFSGH. (Doc. 17, pp. 11–12.) JFSGH also contends that Barnett fails to plead a causal link between her alleged protected activity and her termination. (*Id.* at 14.) JFSGH explains that two days before Barnett allegedly completed the report of her injury, JFSGH issued an unrelated written warning to Barnett that her employment would be terminated for failure to submit written billing documentation later than 4:00 p.m. on November 15, 2019, and Barnett does not allege that she submitted the documentation before this time. (*Id.*)

The court agrees with JFSGH that Barnett fails to state a claim because she did not allege that she engaged in a protected activity. Initially, to sustain a wrongful discharge claim under *Shick v. Shirley*, a plaintiff needed to have actually filed a workers' compensation claim. *Bamat v. Glenn O. Hawbaker, Inc.*, No.

4:18-CV-01898, 2019 WL 3387660, at *2 (M.D. Pa. July 26, 2019). However, subsequent cases have expanded the cause of action to include situations where a plaintiff has not actually filed a workers' compensation claim, but has expressed an intent to do so. *Id.* If a plaintiff alleges she was fired for seeking workers' compensation benefits rather than for filing a workers' compensation claim, then the plaintiff must: (1) report the work-related injury; and (2) express the intent to file a workers' compensation claim to the employer. *Id.*

In the present case, Barnett does not allege that she filed a workers' compensation claim. Although Barnett alleges that she filed a workers' compensation report, she fails to allege that she communicated or expressed to JFSGH her intent to file a workers' compensation claim. *See id.* ("Although Mr. Bamat explains that he reported his work-related injury to the workers' compensation triage nurse, nowhere in the second amended complaint does Mr. Bamat allege that he told or otherwise expressed to anyone at Hawbaker that he specifically intended to file a workers' compensation claim."). Therefore, because Barnett fails to allege that she engaged in a protected activity, her claim for wrongful termination in violation of public policy is dismissed without prejudice.

### C. Barnett Is Granted Leave to Amend

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court "must permit a curative amendment

unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The court finds that amendment of Barnett's claims would be neither inequitable nor futile. The court will accordingly grant Barnett leave to file a second amended complaint.

## CONCLUSION

For the foregoing reasons, JFSGH's motion to dismiss is granted. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: July 9, 2021